E-FILED
Wednesday, 28 December, 2022  04:36:09 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CODY AKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| GUTWEIN QUALITY DOORS, INC., | ) | |
| | ) | |
| Defendant. | ) | **Jury Trial Demanded** |

## COMPLAINT

Cody Akers ("Plaintiff" or "Akers"), by and through his undersigned counsel, Nicollette Haines, Esq., DISPARTI LAW GROUP, P.A., complains as follows against Gutwein Quality Doors, Inc. ("Defendant" or "Gutwein").

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 28 U.S.C. §§ 1331 and 1337 and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), as amended.

2. Jurisdiction to award attorney's fees arises under Title VII.

3. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to the claims herein have occurred in this judicial district, and because Defendant operates within this judicial district.

## PARTIES

4. Cody Akers is a resident of this judicial district and a former employee of Defendant.

5. Gutwein Quality Doors, Inc. is a municipal corporation under the laws of the state of Illinois and is Plaintiff's former employer.

6. Defendant harmed Plaintiff in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff was formerly employed by Defendant as a Service Technician, with an original date of hire of July 7, 2021.

8. Plaintiff earned $22.50 an hour working for Defendant.

9. In or about July 2022, Plaintiff and his girlfriend, Kelsey Steidinger, began living together in Plaintiff's home following their engagement to be married.

10. Steidinger is an adherent of the Christian Apostolic faith and creed.

11. Following when Steidinger and Plaintiff becoming engaged and cohabiting, Defendant notified Plaintiff that his employment would be terminated effective August 18, 2022.

12. Defendant terminated Plaintiff because customers of the Christian Apostolic faith began complaining to Defendant that Plaintiff's cohabitation with Steidinger was wrong as a matter of the Christian Apostolic faith.

13. Defendant did not give any other reason for Plaintiff's termination.

## ADMINISTRATIVE PREREQUISITES

14. On September 17, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging religious discrimination and religious discrimination based on his affiliation with an adherent of the Christian Apostolic religious faith. A true and accurate copy of Plaintiff's EEOC Charge is attached hereto as Exhibit A.

15. On September 30, 2022, the EEOC issued a right to sue letter authorizing Plaintiff to file suit within 90 days of his receipt of such letter. A true and accurate copy of Plaintiff's right to sue letter is attached hereto as Exhibit B.

16. Plaintiff timely files this complaint within 90 days of receipt of his right to sue letter.

## <u>COUNT 1: TITLE VII RELIGIOUS DISCRIMINATION</u>
(Plaintiff v. Defendant)

17. Plaintiff realleges, restates, and incorporates by reference herein paragraphs 1 through 16 of this complaint as if fully set forth herein.

18. "Title VII prohibits employers 'from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012).

19. Under Title VII, religion "includes all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

20. To establish a prima facie case of religious discrimination "based on an employer's failure to provide reasonable accommodation, a plaintiff 'must show (i) that the observance or practice conflicting with an employment requirement is religious in nature, (ii) that he called the religious observance or practice to his employer's attention, and (iii) that the religious observance or practice was the basis for his discharge or other discriminatory treatment." *Porter*, 700 F.3d 944 at 951.

21. The EEOC recognizes on its website, too, that "[r]eligious discrimination can also involve treating someone differently because that person is married to (or associated with) an individual of a particular religion." *See https://www.eeoc.gov/religious-discrimination* (visited December 28, 2022).

22. The Department of Labor also recognizes that "[r]eligious discrimination can also involve treating someone differently because that person is married to (or associated with) an individual of a particular religion or because of his or her connection with a religious

organization or group." *See* https://www.dol.gov/agencies/oasam/civil-rights-center/internal/policies/religious-discrimination-accommodation (visited December 28, 2022).

23. At all times, Plaintiff associated with an individual of the Christian Apostolic faith, namely, Steidinger, by his engagement to her and cohabitation with her.

24. Defendant was aware of the fact that Plaintiff cohabited with Steidinger and that she was a member of the Christian Apostolic faith.

25. Defendant terminated Plaintiff from his position as Service Technician because customers of the Christian Apostolic faith began complaining to Defendant that Plaintiff's cohabitation with Steidinger was wrong as a matter of the Christian Apostolic faith.

26. As a result of Defendant's actions, Plaintiff has suffered damages, including job loss, lost pay, and emotional distress.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor, and against Defendant, and enter and order all available and appropriate relief with interest, including special and compensatory damages up to $50,000 or as determined by a jury, reinstatement, back pay, back benefits, reasonable attorneys' fees, court and litigation costs, and such other relief as this Court deems just and proper.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant judgment in his favor and order the relief sought herein.

**JURY DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

**CODY AKERS**

By: */s/ Nicollette Haines*

4

_____
His Attorney

*Nicollette Haines, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 334
E: nicollette@dispartilaw.com